**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| WINDMILL WELLNESS RANCH, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MERITAIN HEALTH, INC., a New York | ) Case No. 5:20-cv-01388 |
| Corporation & AGC BACKOFFICE | ) |
| SUPPORT SERVICES, LLC, an Oklahoma | ) |
| Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, AGC Backoffice Support Services,

LLC ("Defendant") files its Notice of Removal to the United States District Court for the Western

District of Texas, San Antonio, Division, on the basis of federal question, diversity of citizenship

and amount in controversy and respectfully shows the following.

**I.      State Court Action**

1.      On or about October 8, 2020, Plaintiff Windmill Wellness Ranch, L.L.C.

("Windmill/Plaintiff") filed its Original Petition in the above-styled civil action, Case No. C2020-

1689D, in the District Court of Comal County, State of Texas.[1]  A true and correct copy of

Plaintiff's Original Petition is attached hereto as Exhibit "1".

---

[1] AGC was not served with Plaintiff's Petition.

2.      On or about November 3, 2020, Windmill/Plaintiff filed its Amended Petition in the above-styled civil action, Case No. C2020-1689D, in the 433rd Judicial District Court of Comal County, State of Texas.

3.      The Summons and Amended Petition were served upon AGC on or about November 12, 2020, by certified mail, return receipt requested. True and correct copies of Plaintiff's First Amended Petition and service of process are attached hereto as Exhibit "2". A docket sheet is attached hereto as Exhibit "3".

## II.      Procedural Statements

4.      This Notice of Removal is filed within thirty (30) days of receipt of the Plaintiff's Amended Petition and is timely pursuant to 28 U.S.C. § 1446(b).

5.      Venue is proper in this District for the reason that Plaintiff's Amended Petition was filed in Comal County, Texas, which is within the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(2).

## III.      Basis for Removal – Federal Question Jurisdiction

6.      This action is also removed pursuant to 18 U.S.C. § 1441(b) as an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331.

7.      This is an action brought by Plaintiff against AGC and Meritain in which Plaintiff alleges wrongful denial and/or underpayment of medical claims. The purportedly denied or underpaid claims were submitted by Plaintiff based upon services provided to an employee ("Patient Q.P.") covered by AGC's health plan ("the Plan"). Plaintiff alleges it is entitled to reimbursement of medical expenses it incurred as a result of providing rehabilitation services to Patient Q.P., who has subsequently assigned any benefits it has in the Plan to Plaintiff. In its Amended Petition, Plaintiff asserts the following causes of action: 1) breach of contract; quantum

meruit and unjust enrichment; negligence and negligent misrepresentation; prompt pay violation under the Texas Insurance Code; deceptive and unfair trade practices; and attorney's fees. Essentially, Plaintiff contends that Defendant(s) reimbursed in an amount less than the amounts charged by Plaintiff for services based on Plaintiff's determination of "reasonable and customary" charges. Plaintiff also alleges that, by virtue of premiums paid on the underlying Plan, Defendants owe Patient Q.P. an obligation to pay Plaintiff, challenging whether Defendant has fulfilled its obligations to Patient Q.P. under the Plan.

8.      The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132, *et. seq.* provides for federal jurisdiction where one or all of Plaintiff's claims against one or all Defendants arise under and are within the scope of 29 U.S.C. §1132(a)(1)(B) and (a)(3), the civil enforcement provisions of ERISA.  Congress intended that any such claims brought in state court be completely preempted by federal law and tried in the federal courts.  Likewise, the United States Supreme Court has ruled that ERISA broadly preempts state law claims that relate to ERISA-governed plans.  *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987).  Therefore, based on the claims asserted in Plaintiff's Amended Petition, this action is removed on the following independent grounds:

a.   This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132;

b.   The Plan is an employee benefit plan, as defined in 29 U.S.C. § 1002(1) & (3), which is established or maintained by an "employer" or "employee organization" as those terms are defined in 29 U.S.C. § 1002(5). The Plan, therefore, is subject to the provisions of ERISA;

c.   Plaintiff claims entitlement to relief in connection with the Plan covering Patient Q.P. Accordingly, Plaintiff's claim(s) are preempted and displaced by ERISA;

3

d.  Patient Q.P. was a "participant" or "beneficiary" in an employee benefit plan pursuant to 29 U.S.C. § 1002(7) and/or 29 U.S.C. § 1002(8);

e.  Plaintiff's state law claims against the Defendants relate to, and are made in connection with or reference to the ERISA Plan, and are, therefore, within the scope of 29 U.S.C. §502 and §1132(a)(1)(B) and (a)(3).  Plaintiff's state law claims are therefore preempted pursuant to ERISA.  *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).  Plaintiff's claims are displaced by federal law and removable pursuant to 28 U.S.C. §§1331 and 1441(b) and 29 U.S.C. § 1132;

f.  Additionally, because the resolution of Plaintiff's state law claims requires the Court to construe the ERISA Plan, the Plaintiff's state law claims come within the scope of 29 U.S.C. § 1132, present a federal question, and are therefore, removable pursuant to 28 U.S.C. § 1331. *Lingle v. Norge Div. of Magic Chef, Inc.*, 485 U.S. 399, 407 (1988);

g.  Alternatively, this Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as said state law claims arise from the same case or controversy as Plaintiff's ERISA claims; and

h.  Furthermore, in the state court action, Plaintiff has asserted a claim for denial of payment for reimbursement, including, among other allegations, that Defendants denied payment of pre-approved rehabilitation expenses.  This claim for denial of payment for benefits is expressly and unequivocally removable pursuant to 29 U.S.C. § 1132 (a)(1)(B) and 28 U.S.C. 1331.

## IV.   Basis for Removal – Complete Diversity of Parties

9.   This action is removed pursuant to 28 U.S.C. § 1441(a) as an action involving a controversy wholly between citizens of different states in which the amount of controversy exceeds the sum of $75,000. 28 U.S.C. § 1332. In its Amended Petition, Plaintiff avers that it is a Texas

corporation, with its principal place of business in Comal County, Texas. Defendant AGC is an Oklahoma limited liability company, with its principal place of business in the State of Oklahoma. AGC is a wholly-owned subsidiary of Acorn Growth Companies, LC, which is an Oklahoma LLC with its principal place of business in Oklahoma City, Oklahoma. Acorn Growth Companies, LC is owned and controlled by Rick Nagel and Jeff Davis, both of whom are Oklahoma residents. Defendant Meritain Health Inc. ("Meritain") is a New York corporation, with its principal place of business in the State of New York. Furthermore, the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff claims actual damages in excess of $275,000, in addition to attorney's fees. Accordingly, it is facially apparent from Plaintiff's Amended Petition that the amount in controversy exceeds $75,000.

### V.    Supplemental Jurisdiction

10.    The jurisdiction of this Court being original, the cause is removable from the state court pursuant to 28 U.S.C. § 1441(a) and (b). Further, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### VI.    Other Defendants & Notice to State Court

11.    Upon information and belief, and according to the state court clerk, Meritain has not been properly joined or served with Plaintiff's Amended Petition.

12.    A copy of this Notice of Removal is being filed this date with the Clerk of the above-referenced state court, in accordance with the requirements of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant AGC Backoffice Support Services, LLC gives notice that the above-entitled action now pending in the District Court of Comal County, State of Texas, is hereby removed to this Court.

Dated this 4th day of December, 2020.

Respectfully submitted,

_____

Erika M. Laremont, SBN: 24029639
Stephanie S. Rojo, SBN: 4041815
Jay A. Thompson, SBN: 19921500
Thompson Coe, Cousins & Irons, LLP
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 708-8200
Facsimile:  (512) 708-8777
Email:  elaremont@thompsoncoe.com
Email: jthompson@thompsoncoe.com
**ATTORNEYS FOR DEFENDANT, AGC
BACKOFFICE SUPPORT SERVICES, LLC**

## CERTIFICATE OF SERVICE

I certify that on the same date this Notice of Removal was filed in the United States District Court for the Western District of Texas, a true and correct copy of said Notice of Removal was served upon the above-named Plaintiff, by mailing said copy to Plaintiff's attorney of record, P. Matthew O'Neil, 6514 McNeil Drive, Austin, TX 78729, and further that a copy of said Notice of Removal was delivered to the Court Clerk of the Comal County District Court for filing that same date.

Erika M. Laremont